UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEFFREY D. LEWIS; and HEATHER LEWIS,

                            Plaintiffs,

v.                                                  5:17-CV-0049
                                                  (GTS/ATB)

UNITED STATES OF AMERICA,

                            Defendant.
_____

APPEARANCES:                                         OF COUNSEL:

PORTER NORDBY HOWE, LLP                ERIC C. NORDBY, ESQ.
  Counsel for Plaintiffs                              MICHAEL S. PORTER, ESQ.
125 East Jefferson Street, 11th Floor
Syracuse, NY 13202

HON. GRANT C. JAQUITH                      RANSOM P. REYNOLDS, ESQ.
Acting U.S. Attorney for the                  Assistant United States Attorney
Northern District of New York
  Counsel for Defendant
100 South Clinton Street
P.O. Box 7198
Syracuse, NY 13261

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

     Currently before the Court, in this medical malpractice action filed by Jeffrey D. Lewis and Heather Lewis ("Plaintiffs") against the United States of America ("Defendant"), is Defendant's motion to dismiss Plaintiffs' Complaint for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  (Dkt. No. 16.)  For the reasons set forth below, Defendant's motion is granted, and Plaintiffs' Complaint is dismissed.

I.  **BACKGROUND**

    A.  **Plaintiffs' Complaint**

Generally, liberally construed, Plaintiffs' Complaint alleges as follows. (Dkt. No. 1 [Plfs.' Compl.].) At all relevant times, Plaintiff Jeffrey Lewis ("Mr. Lewis") was an active duty member of the United States Army stationed at Fort Drum, New York. (*Id.*, ¶ 40.) On May 17, 2014, Mr. Lewis sustained an injury to his right lower leg while participating in a leadership course at Ft. Indiantown Gap in Annville, Pennsylvania ("FTIG"). (*Id.*, ¶¶ 41-42.) On May 22, 2014, Mr. Lewis went to the Troop Medical Clinic ("TMC") at FTIG seeking medical treatment. (*Id.*, ¶ 43.) While medical providers at the TMC performed an evaluation and physical examination, Mr. Lewis explained the nature and circumstances of his injuries. (*Id.*, ¶ 44.) This included, but was not limited to, pain in his right leg; numbness in his right leg; red discoloration of the pad of his right foot, right big toe and right fourth toe; and pain while walking, standing and performing activities. (*Id.*) Medical providers at the TMC ordered x-rays of Mr. Lewis' right foot, told Mr. Lewis that he was suffering from tendonitis, and recommended new boots with better support. (*Id.*, ¶ 45.) The medical providers also advised Mr. Lewis to follow up at the Guthrie Ambulatory Healthcare Clinic ("GAHC") upon his return to Fort Drum. (*Id.*)

On May 27, 2014, Mr. Lewis went to the Emergency Department at Samaritan Medical Center ("SMC") in Watertown, New York, where he was seen for his continuing and escalating symptoms. (*Id.*, ¶ 46.) Medical providers at SMC advised Mr. Lewis he was suffering from tendonitis, provided him with crutches, and referred him to GAHC for follow-up care. (*Id.*, ¶ 47.) On his follow-up appointments to GAHC on May 29, 2014, June 5, 2014, and June 10, 2014, Mr. Lewis complained of worsening symptoms. Medical providers at GAHC examined

Mr. Lewis but did not provide him with any meaningful diagnosis or treatment.  (*Id.*, ¶¶ 49-50.)

On June 18, 2014, Mr. Lewis sought treatment at St. Joseph's Hospital Health Center in Syracuse, New York ("St. Joseph's"), where he was diagnosed with right lower limb ischemia. (*Id.*, ¶ 52.)  Mr. Lewis underwent a mid-thigh amputation of his right leg at St. Joseph's on June 30, 2014.  (*Id.*, ¶ 53.)

Based on these factual allegations, Plaintiffs assert three claims against Defendant: (1) a claim by Plaintiff Jeffrey Lewis for medical malpractice under common law and the Federal Tort Claims Act ("FTCA"); (2) a claim by Plaintiff Jeffrey Lewis of failure to obtain an adequate informed consent under common law and the FTCA; and (3) a claim by Heather Lewis for loss of consortium under common law and the FTCA.  (*Id.*)  Further familiarity with these claims and the factual allegations supporting them in Plaintiffs' Complaint is assumed in this Decision and Order, which is intended primarily for the review of the parties.

### B. Parties' Briefing of Defendant's Motion

Generally, in support of its motion to dismiss, the Government argues as follows: (1) claims that arise out of activity incident to one's military service constitute an exception to the FTCA's limited waiver of sovereign immunity pursuant to the *Feres* doctrine; and therefore (2) Plaintiffs' claims for medical malpractice, lack of informed consent, and loss of consortium are barred by the *Feres* doctrine because Plaintiff Jeffrey Lewis' injuries were incident to his military service, and Plaintiff Heather Lewis' injuries were derivative of her husband's injuries. (Dkt. No. 16, Attach. 1 [Def.'s Memo. Of Law].)

In their response, Plaintiffs state that they do not oppose Defendant's motion to dismiss. (Dkt. No. 20.)

## II. RELEVANT LEGAL STANDARDS

### A. Legal Standard Governing Motions to Dismiss for Lack of Subject-Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1)

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Generally, a claim may be properly dismissed for lack of subject-matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it. *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). A district court may look to evidence outside of the pleadings when resolving a motion to dismiss for lack of subject-matter jurisdiction. *Makarova*, 201 F.3d at 113. The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence. *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 [2d Cir. 1996]). When a court evaluates a motion to dismiss for lack of subject-matter jurisdiction, all ambiguities must be resolved and inferences drawn in favor of the plaintiff. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Makarova*, 201 F.3d at 113).

### B. Legal Standard Governing Unopposed Motions

In this District, when a non-movant fails to oppose a legal argument asserted by a movant, the movant's burden with regard to that argument is lightened, such that, in order to succeed on that argument, the movant need only show that the argument possess facial merit, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determined that the moving party has met to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL2473509, at *2 & nn.2, 3 (N.D.N.Y. Aug. 7,

2009) (Suddaby, J.) (collecting cases).[1]

### III. ANALYSIS

After carefully considering the matter, including Defendant's motion to dismiss and Plaintiffs' complaint, the Court finds that Defendant has met its lightened burden on its unopposed motion. *See, supra*, Part II.B. of this Decision and Order. More specifically, the Court finds, for the reasons stated in Defendant's memorandum of law, that Defendant has demonstrated entitlement to the relief requested by presenting an argument that is facially meritorious. *See, supra,* Part I.B. of this Decision and Order. As a result, this Court lacks subject matter jurisdiction over claims brought by Plaintiffs.

**ACCORDINGLY,** it is

**ORDERED** that Defendant's motion to dismiss for lack of subject matter jurisdiction (Dkt. No. 16.) is **GRANTED**; and it is further

**ORDERED** that Plaintiffs' Complaint (Dkt. No. 1.) is **DISMISSED**.

Dated:     February 5, 2018
           Syracuse, NY

Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

[1] Alternatively, the court can deem a challenged claim abandoned (regardless of the facial merit of the unresponded-to argument). *See Jackson v. Fed. Exp.*, 766 F.3d 189, 197-98 (2d Cir. 2014) ("Where a partial response to a motion is made–i.e., referencing some claims or defenses but not others–a distinction between *pro se* and counseled responses is appropriate. In the case of a *pro se*, the district court should examine every claim or defense with a view to determining whether summary judgment is legally and factually appropriate. In contrast, in the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned. In all cases in which summary judgment is granted, the district court must provide an explanation sufficient to allow appellate review. This explanation should, where appropriate, include a finding of abandonment of undefended claims or defenses.").